## In re SASSY JANE MFG. CO.
### MOORE v. LEVY et al.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1925.)

No. 4400.

**Bankruptcy ⚏⟹308—Loans made corporation by officers held provable.**

Officers of a corporation, who in good faith advanced money which was used in its business, and which they treated as loans, issuing notes of the corporation to themselves therefor, which notes they listed in its schedules in bankruptcy, *held* entitled to prove the loans the same as creditors.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

In the matter of the Sassy Jane Manufacturing Company, bankrupt; William H. Moore, Jr., trustee. The trustee appeals from an order of the District Court allowing claims of Victor H. Levy and Arthur W. Kelly, as assignee of Sidney Chaplin. Affirmed.

Turnbull, Heffron & Kelley, Rupert B. Turnbull, W. T. Craig, and Samuel Miller, all of Los Angeles, Cal., for appellant.

Kyle Z. Grainger and Lloyd Wright, both of Los Angeles, Cal., for appellees.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. These are consolidated appeals by Moore, as trustee in bankruptcy of the estate of Sassy Jane Manufacturing Company, a garment manufacturing corporation, bankrupt, from an order of the District Court reversing an order of the referee disallowing claims of Victor H. Levy and of Arthur W. Kelley, assignee of the claim of Sidney Chaplin.

The facts as found by the referee are as follows: Before incorporation of the bankrupt corporation one June Rand carried on a garment making business in Los Angeles under the trade-name of Sassy Jane. In 1917, and pursuant to an agreement made prior to incorporation, Sidney Chaplin, Victor H. Levy, and June Rand incorporated the Sassy Jane Manufacturing Company to which June Rand conveyed her business for

which the company issued 50 per cent. of its capital stock, and, for cash paid in, issued to Chaplin 25 per cent. of stock and a like amount to Levy. The three persons named were the only ones interested in the business and the only stockholders and the only officers and directors. Rand was president, Levy secretary, and Chaplin treasurer. Later on the corporation needed funds for enlarging and carrying on its business, and Levy and Chaplin paid in various sums in the following manner: When the corporation needed money to buy goods, Rand would ask Levy and Chaplin for necessary funds, and they would supply the requested amounts. For such sums Chaplin and Levy, as officers and directors, would make to themselves, or cause to be made, promissory notes of the corporation, payable at various dates, and would deliver the notes to themselves or to each other. This practice was carried on through 1917 and the years thereafter until 1923. The notes have never been paid, and represent part of the claims involved. On July 24, 1920, the corporation declared a stock dividend increasing its capital stock and dividing the same in the proportions held by the original incorporators. The directors declared the stock dividend in the belief that the corporation had approximately $66,000 net surplus on hand. At that time there were outstanding in the hands of Levy and of Chaplin, respectively, promissory notes of the corporation aggregating approximately $50,000; such notes having theretofore been given to Chaplin and Levy for sums paid by them to the corporation, and actually used by the corporation in the enlargement and carrying on of its business. It was also found that the corporation voted to Levy as secretary of the company a salary of $300 per month, which sum Levy drew and received for about 18 months; that in the schedules of bankruptcy filed in February, 1923, by the corporation, signed in its behalf by Levy as secretary, Levy did not include his name or that of Chaplin as creditors in any sums or at all, but set out that the total debts of the corporation were $152,345 and the total assets $108,628. The referee concluded that the corporation was organized by Rand, Chaplin, and Levy for their own personal gain as individuals, and as an instrumentality to carry out a plan for personal gain, and that the claims of Levy and of Kelley, as assignee of Chaplin, should be disallowed until such time as other creditors may have been paid in full.

Upon review the District Court reversed the orders of the referee.

The referee was clearly mistaken in finding that, in the schedules of creditors of the corporation filed in bankruptcy, Levy, as secretary, did not include himself or Chaplin as creditors. In the schedule list of notes payable, $37,942.08 is stated to be due to Chaplin, whose residence is distinctly given, and $41,159.12 due to Levy, whose residence is also given. We must therefore consider the whole matter as not prejudiced by any inference that might have been justified if there had been the omissions as found by the referee.

Examination of the evidence shows that the referee was correct in his finding that Levy and Chaplin in good faith from time to time paid into the corporation treasury the respective sums claimed by them; that they made all such payments for the purpose of carrying on and enlarging the business and did so in the belief that the reports of Taylor, the general manager, which showed that the business was extending, and in July, 1920, had a net surplus profit of about $60,000, were truthful. But the three persons named had a right to organize the corporation, and if in making loans to it Levy and Chaplin acted honestly, though mistakenly, in the belief that there were surplus profits, they should be protected equally with other creditors. The sums they loaned were never treated on the books or in fact as contributions to capital assets. In the corporation statements to commercial agencies they were listed as loans. The stock was issued proportionately to the interests originally subscribed for by Levy and Chaplin, and there is nothing to warrant the conclusion that the sums paid were intended to be contributions to capital stock.

Appellant asks the court to deny relief to Levy and Chaplin because it appears that they were guilty of misrepresentation and deception as against the United States government by having falsely claimed in the corporation income tax return that the corporation paid to Levy a salary of $300 a month as secretary and general manager from and after January 1, 1918, whereas in truth Levy never acted as general manager, and did little as secretary. But, as the learned district judge, referring to the matter, well said: "Upon its being brought to the attention of the proper officials of the Internal Revenue Department, doubtless appropriate action will be taken. Such fraud, however, assuming its existence, was in no way related to or connected with the loans or promissory notes involved herein, and may not now be used to defeat an obligation entirely free from any suggestion of fraud."

The order of the District Court is affirmed.